IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C.  20408<br><br>*Defendant*. | Case No. 23-cv-577 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of information from DOJ concerning the widely reported discovery of classified documents from the Obama-Biden Administration at the Penn Biden Center for Diplomacy and Global Engagement ("Penn Biden Center").

1

## PARTIES

2.	Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Mar. 2, 2023).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

3.	Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight.  The requests and analysis of information is informed by Heritage's deep policy expertise.

4.	Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights."  About DOJ; Our Mission, *found at* https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (last visited Mar. 2, 2023).

## JURISDICTION AND VENUE

5.	This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

**PLAINTIFFS' FOIA REQUEST**

7. Plaintiffs submitted their FOIA Request on January 10, 2023. FOIA Request No. 00477 (Jan. 10, 2023) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).

8. The Request sought DOJ documents and communications related the discovery of classified documents from the Obama-Biden Administration at the Penn Biden Center.

9. The Request sought records limited to the narrow timeframe of Oct. 25, 2022, to Nov. 16, 2022. The Request specifically sought:

> 1) All communications with White House Counsel's Office regarding these Obama-Biden era classified records.
> 2) All communications with the National Archives (NARA) regarding these Obama-Biden era classified records.
> 3) All communications with President Joseph R. Biden's personal attorneys regarding these Obama-Biden era classified records.
> 4) All internal DOJ communications regarding these Obama-Biden era records.
> 5) All calendars for DOJ political appointees concerning these Obama-Biden era records.
> 6) Any records that include the following: ["Penn Biden Center" OR "PennGlobal"].
> 7) Any records or communications that include the following: "@pbc.upenn.edu".

*Id.* at 1.

10. The Request sought a fee waiver based on the public interest because of the potentially analogous situations between DOJ's handling of the discovery of classified documents at the Penn Biden Center and the discovery of classified materials at former President Donald J. Trump's Mar-A-Lago Estate. The Request further sought a fee waiver on the grounds that Plaintiff Heritage Foundation is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public and that Plaintiff Howell is an

author for *The Daily Signal*, a major news outlet operated by the Heritage Foundation. *Id.* at 3–4.

11. The Request sought expedited processing on the grounds of the immense media interest in the discovery of classified documents at the Penn Biden Center; the timeline of the DOJ investigation in light of its proximity to the 2022 mid-term elections; and the analogous DOJ investigation into the handling of classified materials by former President Trump. *Id.* at 4–7. This coverage surfaced factors that "raise possible questions about the government's integrity that affect the public confidence" of DOJ's and NARA's actions. 28 C.F.R. § 16.5(e)(1)(iv). Specifically, the very existence of classified documents at the Penn Bident Center; questions concerning whether President Biden and President Trump were receiving disparate treatment; and questions concerning why the existence of the classified documents at the Penn Biden Center—discovered *prior* to the 2022 mid-term elections—was not made public until well *after* those elections. *Id.* at 7.

### DOJ HAS FAILED TO RESPOND TO PLAINTIFFS' FOIA REQUEST

12. On January 20, 2023, DOJ acknowledged receipt of the Request. Letter from Douglas R. Hubbard to Mike Howell (Jan. 20, 2023) ("Acknowledgment Letter") (Ex. 2). The Acknowledgment Letter granted Plaintiffs' application for expedited processing. *Id.* However, the Acknowledgment Letter invoked the "unusual circumstances" provision of FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(i)–(iii). As a result, DOJ had "not yet completed a search to determine whether there are records within the scope" of the Request and did not provide a timeline of when that search would be completed. Acknowledgment Letter at 1.

13. The Acknowledgment Letter explained that the DOJ had not decided on the Plaintiffs' application for a fee waiver. *Id.*

14. The Department has provided no additional correspondence regarding the Request.

15. Thirty business days from January 10, 2023 is February 23, 2023.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

16. Plaintiffs re-allege paragraphs 1–15 as if fully set out herein.

17. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

18. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

19. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

20. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

21. Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

22. Plaintiffs have a statutory right to the information they seek.

23. Defendant is in violation of FOIA.

24. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational

institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

25. Plaintiffs have no adequate remedy at law.

26. Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

27. Plaintiffs re-allege paragraphs 1–26 as if fully set out herein.

28. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

29. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

30. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

31. Defendant is wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records responsive to Plaintiffs' FOIA Request.

32. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

33. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

34. Plaintiffs have a statutory right to the information they seek.

35. Defendant is in violation of FOIA.

36. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

37. Plaintiffs have no adequate remedy at law.

38. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

39. Plaintiffs re-allege paragraphs 1–38 as if fully set out herein.

40. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

41. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

42. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

43. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

44. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

45. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

46. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

47. Plaintiffs have a statutory right to a fee waiver.

48. Defendant is in violation of FOIA by denying a fee waiver.

49. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

50. Plaintiffs have no adequate remedy at law.

51. Plaintiffs have constructively exhausted their administrative remedies.

### FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

52. Plaintiffs re-allege paragraphs 1–51 as if fully set out herein.

53. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

54. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

55. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

56. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

57. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

58. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

59. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

60. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

61. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

62. Plaintiffs have no adequate remedy at law.

63. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

D. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: March 2, 2023                                     Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)

Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone: (202) 489-2969
Email: Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*